UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ELIAS,<br><br>        Plaintiff,<br><br>    v.<br><br>ALLURE SEO, et al.,<br><br>        Defendants. | Case No. 20-cv-06031-RS<br><br>**ORDER GRANTING RENEWED MOTION FOR DEFAULT JUDGMENT** |

Plaintiff Victor Elias is a professional photographer. He brings this action for copyright infringement arising from an allegedly unauthorized use of one of his photographs on a website promoting carpet and upholstery cleaning services. The original complaint named as defendant "Fremont Carpet Cleaners," an "unincorporated entity," with an address listed in the city of Fremont, California. Fremont Carpet Cleaners was alleged to be the *owner* of the website on which Elias' photograph appeared, www.carpetcleaning-fremont.com.

Elias subsequently filed a status report advising that he had discovered Fremont Carpet Cleaners was a "defunct company" and that Allure SEO might be "the entity solely responsible for the infringing use of Plaintiff's photograph alleged in the Complaint." Elias then filed an amended complaint alleging that Allure is an unincorporated entity with its principal place of business in Brooklyn, New York, and that Allure is the *operator* of the website in question. The amended complaint also names as a defendant Alan Hamkon, the alleged principal of Allure, who is also a Brooklyn resident.

When Allure and Hamkon failed to respond to the amended complaint, their defaults were entered, and Elias moved for default judgment. The then-presiding magistrate judge issued a Report and Recommendation that the motion be denied without prejudice, on the basis that Elias had failed to establish personal jurisdiction over Allure and Hamkon was proper. The Report and Recommendation was adopted, and Elias was permitted to file a renewed motion for entry of default judgment, which is now pending.

Although the question is somewhat close, Elias has now made an adequate jurisdictional showing. There is no dispute that because this case involves copyright infringement, which sounds in tort, the purposeful direction analysis applies. *Mavrix Photo, Inc. v. Brand Techs*., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). Purposeful direction is analyzed under the three-part "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984), which "requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id*. (citations omitted).

The complaint plainly alleges intentional acts. Elias has adequately shown those acts— including the creation and maintenance of a website soliciting customers for Fremont Cleaners and using a copyrighted photo without consent— were "expressly aimed" at California. While the amended complaint itself does not clearly tie Allure and Hamkon to conduct directed at California, the showing in the renewed motion includes evidence of their own solicitation of business in California as well as their responsibility for the use of the photo on the original version of the website, which quite expressly solicited California residents to do business in California.

Turning to the merits, entry of default judgment is warranted. Following entry of default, a district court's decision as whether to enter a default judgment is discretionary. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court may consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)

The *Eitel* factors support default judgment in this case. First, Elias would be prejudiced by the denial of its default motion as he could not recover for the infringement of his work. The second and third *Eitel* factors also favor Elias, as his claim is adequately pleaded and no reason to doubt its merit is apparent. The fourth *Eitel* factor "pertains to the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *Brightpoint Distribution, LLC v. AliphCom*, 2017 WL 7310780, at *4 (N.D. Cal. Dec. 4, 2017) (internal quotation marks omitted). The damages Elias is requesting, while not trivial, are relatively modest and are not out of line, given his status as a professional photographer and the potential value of his work.

The fifth factor weighs in Elias' favor as there is little reason to assume the central material facts would be in significant dispute. Finally, while Allure and Hamkon's reasons for not participating in the litigation are unknown, there is no indication of "excusable neglect." Under these circumstances, and on this record, the preference for a resolution on the merits must yield to Elias' right to a determination of his claims. *See Eitel*, 782 F.2d at 1472.

The only remaining question is the amount of damages. Elias seeks the maximum statutory damages for non-willful infringement, $30,000, thereby foregoing his pleaded claim that the infringement was willful. An award in that amount is appropriate. *See Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) ("statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed.).

Elias also seeks attorney fees in the amount of $2400, contending that is the amount allowed under Rule 55-3 of the Civil Local Rules for the Central District of California in the context of default judgments. Although this is the Northern District of California, where those rules do not apply, the modest amount is reasonable in light of what the record shows as to the

CASE NO. 20-cv-06031-RS
3

nature and extent of the services performed. Finally, Elias has adequately shown an entitlement to costs in the amount of $611.84.

The motion for default judgment is granted. A separate judgment will issue.[1]

**IT IS SO ORDERED**.

Dated: July 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] As Elias has abandoned pursuit of Fremont Carpet Cleaners, it is hereby dismissed, to permit entry of a final judgment in this case.